Singh v. Barr

BIA
Loprest, IJ
A206 443 224

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty.

PRESENT:
　　　　RICHARD C. WESLEY,
　　　　PETER W. HALL,
　　　　DENNY CHIN,
　　　　　　*Circuit Judges.*
_____

KERON PARTAP SINGH,
　　　*Petitioner,*

　　　v.　　　　　　　　　　　　　　　　17-3216
　　　　　　　　　　　　　　　　　　　NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
　　　*Respondent.*
_____

FOR PETITIONER:　　　　Richard W. Chen, New York, NY.

FOR RESPONDENT:　　　　Joseph H. Hunt, Assistant Attorney
　　　　　　　　　　　　General; Daniel E. Goldman, Senior
　　　　　　　　　　　　Litigation Counsel; Andrea N.
　　　　　　　　　　　　Gevas, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Keron Partap Singh, a native and citizen of India, seeks review of a September 11, 2017, decision of the BIA affirming a December 6, 2016, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Keron Partap Singh,* No. A 206 443 224 (B.I.A. Sept. 11, 2017), *aff'g* No. A 206 443 224 (Immig. Ct. N.Y. City Dec. 6, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the BIA's and the IJ's decisions. *See Yun-Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir. 2005). Because the agency made an alternate finding that even assuming credibility, Singh did not establish his eligibility for asylum, and because Singh does not

substantively challenge the agency's determination that his past harm did not rise to the level of persecution, our analysis is confined to the agency's finding that assuming credibility, Singh did not establish a well-founded fear of future persecution. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Singh has not challenged the agency's finding that he could internally relocate within India to avoid future persecution. An applicant has not established a well-founded fear of future persecution "if [he] could avoid persecution by relocating to another part of [his] country of nationality . . . if under all the circumstances it would be reasonable to expect [him] to do so." 8 C.F.R. § 1208.13(b)(2)(ii); *see*

3

*also* 8 C.F.R. §§ 1208.13(b)(3)(i) (when an applicant has not established past persecution, he has the burden to establish that internal relocation would be unreasonable), 1208.16(b)(1)(i)(B), (c)(3)(ii) (applying the same limitation to withholding of removal and CAT relief). An applicant's "ability to relocate safely constitutes a ground, in and of itself, on which an IJ's denial of [relief] may be based." *Steevenez v. Gonzales,* 476 F.3d 114, 117–18 (2d Cir. 2007). Because Singh did not challenge this dispositive finding, he has waived the issue. *See Norton*, 145 F.3d at 117. Additionally, to the extent that Singh argues in his brief that he will be at risk of persecution throughout India, he references only general country conditions, none specific to Sikhs or members of the Shiromani Akali Dal Mann. Accordingly, his argument is insufficient to show that he cannot relocate, because it does not demonstrate that he has a well-founded fear that he would be singled out for harm on a protected ground or that there is a pattern or practice of persecution of Sikhs or the Shiromani Akali Dal Mann. *See* 8 C.F.R. § 1208.13(b)(2); *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (holding that applicant who fails to meet

4

burden for asylum "necessarily" fails to meet higher burden for withholding of removal and CAT relief).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
